**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILE**

**CRIMINAL ACTION NO. 7:16-CR-07-ART**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **SENTENCING MEMORANDUM**

**JARROD C. BREEDING** **DEFENDANT**

* * * * *

The Defendant should be sentenced to a term of imprisonment within the advisory guidelines range of 30 to 36 months.

The nature and circumstances of the Defendant's conduct that gave rise to his conviction supports a guidelines sentence of imprisonment. The Defendant knew that he received income in the form of payment for the recycled scrap metal, and deposited only portions of this income into his bank account, such that only a fraction of the income would register on his bank statements. *See* Plea Agreement, ¶ 4(b). He then provided these bank statements to his tax preparer for the purpose of calculating his income. *Id.* To accomplish this, the Defendant structured over $2 million in cash withdrawals in amounts under $10,000, in avoidance of bank reports of cash transactions to the government. *See* Presentence Report, ¶ 10. He then used these structured funds to purchase a large amount of assets, some of which he placed in nominee names and most of which he still retains. *See id.* at ¶ 14.

One asset he purchased in his own name was 201 Speedway Racing, for which he

filed no tax returns during the period in question. *See id.* at ¶ 13. According to the Defendant, at its peak, he was able to employ 30 people at 201 Speedway Racing, but he never reported any income from the business. *See* R. 44, Defendant's Sentencing Memorandum, at 4; Presentence Report, ¶ 13. In fact, in 2013, he instructed his return preparer to file his personal tax returns before his 201 Speedway Racing returns, so that he could obtain a large earned income tax credit to which he was not entitled. *See* Presentence Report, ¶ 13. A guidelines sentence would appropriately address Defendant's offense conduct, which was a careful, methodical approach to avoiding tax payments.

A guidelines sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing stated in 18 U.S.C. § 3553, to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Defendant has acknowledged that he underreported his income by nearly $6 million. *See* Plea Agreement, ¶ 4(f). More precisely, he reported roughly only $2.3 million of the $8.3 million he earned in income over a three-year period, and paid out $0 in taxes during those years. *See* Presentence Report ¶ 12. A guidelines sentence of incarceration reflects the seriousness of this crime.

The deliberate and systematic way the Defendant underreported his income shows the Defendant's disrespect for the law. Importantly, the Defendant's disregard for the law did not stop in the face of a criminal investigation. During its investigation, the IRS was unable to calculate the income from 201 Speedway Racing. When the government asked for 201 Speedway records under federal subpoena, the Defendant offered up only a

partial reporting of the ticket sales. *See id.* at ¶ 16. Thus, even while under IRS investigation, the Defendant continued to underreport his income and demonstrate disrespect for the law.

The United States applauds the Defendant for obtaining the funding to pay restitution before sentencing. But repayment of the money he already owed the IRS simply places the Defendant in the same position as every honest taxpayer that paid his taxes after filing a truthful return. *See* Presentence Report, ¶ 12. A sentence of restitution and probation is simply not enough of a punishment to be considered just.

A guideline sentence is appropriate here "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The federal government does not have the resources to identify and prosecute every individual taxpayer who makes false claims in their tax returns. Deterrence is therefore important. This is especially so in the case of false tax returns filed by a business owner, for whom the tax code relies on self-reporting. The temptation to underreport income is greater for the business owner, and the need for a punishment of a period of incarceration is necessary to deter others from engaging in this easy and often undetectable fraud on the government coffers. Such deterrence will be undermined if the weight of the potential punishment is inadequate compared to the risk-adjusted rewards.

Likewise, a guidelines sentence serves the purpose of specific deterrence. The Defendant turned what he describes as "collecting junk and scrap metal to sell to recycling companies" into a "thriving business" capable of earning over $8 million in three years. *See* R. 44, Defendant's Sentencing Memorandum, at 3; Plea Agreement,

¶ 4(f). Should he be able to return to work as a self-employed business owner in the future, the Defendant's sentence must be sufficient to deter him from using his entrepreneurial talents to commit another crime.

With a total offense level of 19, the Defendant's guidelines range is well within Zone D, where "the guidelines do not authorize a sentence of probation." U.S.S.G. § 5B1.2, n.2. The Sentencing Commission has ensured that the guidelines reflect the appropriateness of imposing sentences in first-offender cases, by providing criminal history categories and establishing zones that could provide for alternative sentences. But, where a crime warrants a Zone D calculation, the Commission has deemed the offense serious enough to require a term of imprisonment. *See* U.S.S.G. § 5C1.1(f). The Defendant's proposed sentence attempts to relegate the Defendant's conduct to the equivalent of a Zone C offense, which would unnecessarily demean the seriousness of this offense.

The Defendant has no criminal history and has been a productive member of his community. These attributes are commendable, but should serve only to move the needle towards the middle of the guideline range. For the reasons set forth above, the United States recommends a sentence within the advisory guidelines range.

Respectfully Submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By: s/ Kathryn Anderson
Kathryn M. Anderson

Tiffany K. Fleming
Assistant United States Attorneys
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612

CERTIFICATE OF SERVICE

On March 9, 2017, I electronically filed this document through the ECF system which provided notice to counsel of record.

s/ Kathryn Anderson
Assistant United States Attorney